LAW OFFICES OF JAMES C. DEZAO, P.A.
Attorney ID: 019511985
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
*Attorney for Plaintiff*

SUPERIOR COURT OF NEW JERSEY
APR 11 2017
PASSAIC COUNTY

| | |
|---|---|
| MARTA O. GARCIA AND FABIAN J. MEJIA, HUSBAND AND WIFE<br><br>Plaintiff(s)<br><br>vs.<br><br>WALMART, INC.; WALMART STORES INC.; WAL MART STORES, INC.; WAL MART STORES EAST INC.; WAL-MART STORES EAST I, LP; WALMART ASSOCIATES INC.; WALMART STORE NUMBER 3562; JOHN DOE 1-5; MARY DOE 1-5 AND/OR DOE CORPORATION 1-5<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br><br>DOCKET NO.: PAS-L- 1219-17<br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Marta O. Garcia and Fabian J. Mejia, Husband and Wife, complaining of the Defendants, deposes and says:

## PARTIES

1. Plaintiffs, Marta O. Garcia and Fabian J. Mejia, Husband and Wife, reside at 502 12th Avenue in the Town of Paterson, County of Passaic and State of New Jersey.

2. Defendant Walmart Inc. is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

3. Defendant, Walmart Stores, Inc. is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

4. Defendant Wal-Mart Stores, Inc. is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

5. Defendant Wal-Mart Stores East Inc. is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

6. Defendant Wal-Mart Stores East I, LP is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

7. Defendant Walmart Associates Inc. is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

8. Defendant Walmart Store Number 3562 is a business located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey.

9. Fictitious Parties designated as John Doe 1-5, Mary Doe 1-5 and/or Doe Corporation 1-5, whose identities unknown to the Plaintiff, are individuals/businesses who owned, occupied, and/or operated the property located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey and/or were responsible for the care and maintenance of this property.

## FACTS COMMON TO ALL COUNTS

1. On or about April 15, 2015, Plaintiff was lawfully on the premises known as Walmart located at 189 US 46, in the Town of Saddle Brook, County of Bergen and State of New Jersey (hereinafter referred to as "subject premises").

2. The aforementioned Defendants owned, occupied, operated and/or maintained the subject premises.

3. The aforementioned Defendants were responsible for the care and maintenance of the subject premises.

4. On or about April 15, 2015, there existed a hazardous and dangerous condition on the subject property in the form of a wet and slippery substance on the floor.

5. Due to the hazardous condition, Plaintiff suffered both serious and permanent injuries.

## FIRST COUNT
## NEGLIGENCE

6. Plaintiff hereby reasserts and re-alleges the statements made in Paragraphs 1-5.

7. The Defendants were responsible for the care and maintenance of the subject premises.

8. The Defendants failed to properly maintain the subject premises, thereby creating a hazardous and dangerous condition in the form of a wet and slippery substance on the floor.

9. As a direct and proximate result of the aforementioned hazardous condition, the Plaintiff slipped and fell causing serious and permanent injuries.

WHEREFORE, Plaintiff, Marta O. Garcia, demands judgment against the Defendants, Walmart Inc., Walmart Stores, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East Inc., Wal-Mart Stores East I, LP, Walmart Associates Inc., Walmart Store Number 3562 and/or Fictitious Parties, John Doe 1-5, Mary Doe 1-5 and/or Doe Corporation 1-5, jointly, severally or in the alternative in the amount of her damages together with interest and costs of suit.

## SECOND COUNT
## PER QUOD COUNT

1. The Plaintiff, Fabian J. Mejia, repeats each and every allegation contained in the First Count of the Complaint as though set forth herein more fully at length.

2. At all times relevant herein, the Plaintiff, Fabian J. Mejia, was the lawful Husband of the Plaintiff, Marta O. Garcia.

3. As a direct and proximate cause of the negligence, carelessness and recklessness of the Defendants, as aforesaid, the Plaintiff, Fabian J. Mejia has been and will be deprived of the services, consortium and companionship of the Plaintiff, Marta O. Garcia, has been and will be deprived of the services, companionship and society in the future, and has been and will be

in the future caused to expend large sums of money in an effort to cure His Wife of her injuries and will be caused to incur other great expenses and consequential damages.

WHEREFORE, Plaintiff, Fabian J. Mejia, hereby demands judgment against the Defendants, Walmart Inc., Walmart Stores, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East Inc., Wal-Mart Stores East I, LP, Walmart Associates Inc., Walmart Store Number 3562 and/or Fictitious Parties, John Doe 1-5, Mary Doe 1-5 and/or Doe Corporation 1-5, jointly severally or in the alternative, in the amount of his damages, together with attorney's fees, interest and costs of suit.

The Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff(s)

DATE: 4/10/17

By: _____
James C. DeZao, Esq.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that James C. DeZao Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of the Law Offices of James C. DeZao, PA, pursuant to Rule 4:25 et. seq.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(2)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether Defendant or anyone in Defendant's behalf has made or caused to be made any surveillance photographs, video tapes, movies or other recordings of the Plaintiff since the date of the accident, and if so, please state the date(s) upon which such surveillance photographs, video tapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, video tapes, movies or other recordings, what each surveillance photographs, video tapes, movies or other recordings depict. Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and Plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2. If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S3. State whether this Defendant occupied the premises where Plaintiff's incident occurred as of the date of Plaintiff's accident.

S4. If this Defendant did not own or occupy the premises where Plaintiff's accident occurred as of the date of the Plaintiff's accident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident.

S5. State whether this Defendant conducted any business on the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S6. State whether any inspections or tests made of the accident site by Defendant, or anyone in Defendant's behalf, subsequent to the accident alleged by Plaintiff, and if so, please state the date of said inspection or test, an exact description of such inspection or test, the name, address and job title of the person who performed such inspection or test and the results of said inspection or test.

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING? ........................... YES ___ NO X

A. IF YES - Parties to other Pending Actions.

B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED? ..................... YES ___ NO X

A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING? ................ YES ___ NO X
A. If YES - Parties to Arbitration Proceedings.

B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? ...... YES ___ NO X
A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

The Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff(s)

DATE: 4/10/17

By: _____
James C. DeZao, Esq.